IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSE ALFRED AGUILAR,

      Petitioner,

v.                                         CASE NO. 4:15-cv-65-RH-GRJ

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing motion for extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Court explained that it had no authority to extend the one year statute of limitations to file a petition, but directed the Clerk to provide Petitioner the forms necessary to file a petition. Doc. 2. Petitioner asked for an extension of time, which was granted, but he never submitted the petition as directed by the Court. Docs. 4, 5.

The Court ordered Petitioner to show cause on or before July 13, 2015, as to why this case should not be dismissed for failure to prosecute and failure to comply with an order of the Court. Doc. 6. Petitioner has failed to respond to the Order.

Petitioner's failure to provide the Court with a petition in this case, and failure to comply with the Court's orders, has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[. ]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that

a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]").  Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution.  N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985).  Here, Petitioner's failure to provide the Court with a petition and failure to respond to Court orders amounts not only to a failure to prosecute and failure to comply, but also to an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice for failure to comply with an order of the Court and failure to prosecute.

**IN CHAMBERS,** this 16th day of July, 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.